08538-93860

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MICHAEL K. MATTOX, SR.,**

    **Plaintiff,**

**vs.**

**LAKESIDE BEHAVIORAL HEALTH SYSTEM,**

    **Defendant.**

**Docket No. 2:21-cv-02014-MSN-tmp**
**JURY DEMAND**

---

## DEFENDANT LAKESIDE BEHAVIORAL HEALTH SYSTEM'S
## MOTION TO DISMISS

---

Defendant, Lakeside Behavioral Health System ("this Defendant"), moves the Court to the dismiss this action under Federal Rule of Civil Procedure 12(b)(6).[1] This health care liability action is subject to dismissal for multiple reasons. First, despite the clear statutory mandates, Plaintiff failed to provide this Defendant with pre-suit notice, as required by Tennessee Code Annotated § 29-26-121(a). Additionally, Plaintiff failed to attached a certificate of good faith to his complaint, as required by Tennessee Code Annotated § 29-26-122. The result of these failures is dismissal with prejudice.

---

[1] Plaintiff failed to have a summons issued when he filed his "civil lawsuit" in this matter, and his method of service of process in this matter was deficient. Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Under Federal Rule of Civil Procedure 4(h), service of process upon an unincorporated association, such as a limited liability company, is made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(B). Plaintiff, however, failed to comply with these service-of-process requirements. Accordingly, as a defense, Defendant asserts and does not waive the defenses of insufficient process and insufficient service of process in this matter.

In addition, Plaintiff's "civil lawsuit" fails to state a claim upon which relief can be granted because he failed to properly plead his constitutional claims under 42 U.S.C. § 1983. Even if he had done so, however, federal law provides that private hospitals (such as Defendant) involved in involuntary commitments are not state actors and not proper defendants in Section 1983 actions.

In further support of this motion, this Defendant relies upon the Memorandum of Law submitted contemporaneously herewith, as well as the entire record in this case.

        Respectfully submitted,

        RAINEY, KIZER, REVIERE & BELL, P.L.C.

        */s/Ashley D. Cleek*
        ASHLEY D. CLEEK (BPR No. 23562)
        105 S. Highland Avenue
        Jackson, TN  38301
        (731) 423-2414
        Acleek@raineykizer.com

        *Attorney for Lakeside Behavioral Health System*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of this pleading or document was served upon each of the parties by the Clerk of Court using the CM/ECF system and by counsel via regular mail to:

Michael K. Mattox, Sr.
3472 Coleman Avenue
Memphis, TN 38122
uoleinc@gmail.com
*Pro Se Plaintiff*

This the 22nd day of January, 2021.

                                                */s/Ashley D. Cleek*